HALL, Judge.
Three suits were filed arising out of a collision between a southbound pickup truck driven by defendant, Murphy R. To-lar, Jr., and a northbound pickup truck owned by plaintiff, Lester Mack Henning, driven by Ronald David Gryder, in which Henning and plaintiff, James R. Sims, were passengers. The collision occurred at approximately 7:30 a. m. on November 11, 1972, on a straight stretch of Louisiana Highway 34 in Jackson Parish, at a point north of the crest of a hill which slopes down toward the north.
Henning, Gryder and Sims filed separate suits for property damage and personal injuries against Tolar and his insurer, Zurich Insurance Company. Defendants denied liability. In the Henning and Sims suits, Tolar and Zurich filed alternative *319 third party demands against Gryder and Henning.
“After trial, pursuant to excellent written reasons for judgment prepared by the trial judge, judgments were rendered in favor of defendants, rejecting the demands of all plaintiffs. Sims and Henning perfected devolutive appeals in their suits. The Gry-der suit is not before this court. For the reasons expressed in the district court’s reasons for judgment and in this opinion, the judgments are affirmed.
Gryder, Henning and Sims spent the night prior to the accident out on the town in Monroe, drinking beer and dancing. They returned to Chatham in the early morning, stopping at a cafe to eat breakfast and drink coffee. They left the cafe and were headed north with Gryder driving Henning’s pickup truck when the accident happened. A laboratory report of a blood test administered to Gryder about two hours after the accident established the alcoholic content of his blood at 0.148 percent. The trial judge correctly determined on the basis of the parties’ own testimony, the laboratory report, and the testimony of witnesses who saw them at the cafe that Gryder was intoxicated at the time of the accident.
Defendant, Tolar, was on his way home after working the graveyard shift at the Olin Mathieson Plant, headed south. He testified the Gryder truck crested the hill and the impact occurred shortly thereafter near the center of the road, but on Tolar’s side of the yellow line marking the center of the highway. He testified he had no chance to avoid the collision.
Gryder, who was rendered unconscious and received rather severe injuries, testified he remembered nothing about the accident. Henning testified he did not see what happened because he had dropped something and had leaned over to pick it up at the time the impact occurred. Sims testified he was watching and saw Tolar come across the center line with the impact occurring in Gryder’s northbound lane, Sims told the doctors who examined him after the accident he did not know how it happened. The trial judge was of the opinion Sims did not know how the accident happened.
The investigating state troopers testified it was impossible to determine the point of impact from physical evidence, or lack thereof, at the immediate scene of the accident. They identified skid marks shown in photographs taken by a trooper at the scene. The skid marks are inconclusive as to point of impact. They most likely were laid down after impact. They tend to support Tolar’s version, indicating Tolar’s left tire was about twenty inches inside his southbound lane and Gryder’s right tire was in the northbound lane at a point which would have put the left side of his vehicle across the center line in the southbound lane.
Sergeant Durham testified he never, in his experience, saw an accident scene more void of physical evidence and that no point of impact could be determined. The trial judge agreed with the sergeant, stating he had never seen a case so void of evidence on which to establish fault. The trial judge held plaintiffs failed to carry the burden of proof imposed on them. This conclusion is manifestly correct.
Appellants argue the evidence shows To-lar came over on the wrong side of the road and struck the Gryder vehicle. The evidence does not support such a finding.
Appellants argue Gryder’s intoxication does not bar their recovery. The holding of the district court and this court is not that plaintiffs are barred from recovery by Gryder’s negligence, but is that plaintiffs cannot recover because they have not proved fault on the part of Tolar.
Appellants emphasize a statement made by Tolar after the accident to the effect *320 that he guessed it would be his fault — he guessed he was on the wrong side of the road. Tolar satisfactorily explained this statement as made in a facetious manner —guessing the other people would make such a claim.
For the reasons assigned, the judgments of the district court are affirmed at appellants’ costs.
Affirmed.